IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREA BAUMAN, | : |
| Plaintiff, | : CIVIL ACTION |
| v. | : Case No. 4:25-cv-01764-MWB |
| | : JURY TRIAL DEMANDED |
| THE PENNSYLVANIA STATE UNIVERSITY, | : |
| Defendant. | : |

**DEFENDANT'S ANSWER WITH AFFIRMATIVE DEFENSES
TO PLAINTIFF'S COMPLAINT**

Defendant, The Pennsylvania State University (hereinafter "PSU" or "Defendant"), by and through its counsel, Buchanan Ingersoll & Rooney PC, hereby submits the following Answer with Affirmative Defenses to the Complaint filed by Plaintiff, Andrea Bauman (hereinafter "Bauman" or "Plaintiff").

**JURISDICTION AND VENUE[1]**

1. Denied. The averments set forth in this Paragraph constitute conclusions of law to which no response is required. To the extent a response is required, the averments are denied.

---

[1] The headings and subheadings of this Answer mirror those in Plaintiff's Complaint for ease of reference only and should not be deemed admission(s) by Defendant.

2. Admitted in part; denied in part. It is admitted only that Plaintiff requests a trial by jury. It is denied that Plaintiff's claims are entitled to a trial by jury.

3. Denied. The averments set forth in this Paragraph constitute conclusions of law to which no response is required. To the extent a response is required, the averments are denied.

4. Denied. The averments set forth in this Paragraph constitute conclusions of law to which no response is required. To the extent a response is required, the averments are denied.

## PARTIES

5. Admitted in part; denied in part. It is admitted only that Plaintiff claims to be an adult individual named Andrea Bauman. Defendant lacks knowledge, information or belief sufficient to respond to the factual averments relative to Plaintiff's current age and address and, thus, denies the same.

6. Admitted in part; denied in part. It is admitted only that Defendant is an education and research university with an office at 227 West Beaver Avenue, Suite 507, State College, PA 16801, and that Defendant receives federal funding. The remaining averments set forth in this Paragraph constitute conclusions of law to which no response is required. To the extent a response is required, the remaining averments are denied.

7. Denied. The averments set forth in this Paragraph constitute conclusions of law to which no response is required. To the extent a response is required, the averments are denied.

## FACTUAL BACKGROUND

### *Bauman's Participation in the Pennsylvania State University Butcher Apprenticeship Program*

8. Admitted.

9. Denied as stated. It is admitted only that Defendant's Butcher School Apprenticeship Program matches career seekers with training and paid work experience while they learn.

10. Admitted in part; denied in part. It is admitted that apprentices in the Butcher School Apprenticeship Program undergo a five-week course of study at PSU to learn the basics of butchering in a classroom setting, and then proceed to a full-time paid apprenticeship position, for which the student independently applies with an employer outside of PSU, at a meat-processing facility. It is specifically denied that such apprenticeship must be located in Pennsylvania.

11. Denied as stated. It is admitted only that apprentices are expected to complete on-the-job training for pay in the field of meat processing with an employer outside of PSU. By way of further response, meat-processing facilities participating in the apprenticeship program must agree to provide certain, determined rates of pay to their apprentices. All remaining averments of this Paragraph are denied.

12. Admitted in part; denied in part. It is admitted that apprentices receive 216 hours of technical instruction by PSU faculty and educators and must go outside of PSU to complete 3,000 hours of on-the-job training by an employer other than PSU, which concludes with a journey worker certificate in butchering from the U.S. Department of Labor. The remaining averments of this Paragraph are denied to the extent they suggest that PSU conducts the 3,000 hours of on-the-job training. By way of further response, apprentices are responsible for obtaining their own paid internships from meat-processing facility employers and receive their three thousand (3,000) hours of on-the-job training from their employers outside of PSU. Additionally, only those apprentices who complete all instruction and apprenticeship requirements receive a journey worker certificate in butchering from the U.S. Department of Labor.

13. Denied. The advertising and marketing material referenced in this Paragraph is a written document that speaks for itself and Defendant denies Plaintiff's characterization of the same. Any remaining averments of this Paragraph are also denied.

14. Denied. The averments of this Paragraph related to a written document that speaks for itself and Defendant denies Plaintiff's characterization of the same. Any remaining averments of this Paragraph are also denied.

15. Denied as stated. It is admitted only that Defendant works with private employers who have an interest in employing apprentices in the Butcher School Apprenticeship Program to ensure the participating employers meet all requirements of the program. By way of further response, apprentices are required to obtain their own apprenticeships with participating employers. All remaining averments of this Paragraph are denied.

16. Admitted in part; denied in part. It is admitted only that Defendant maintains a list of approximately fifteen (15) butchering companies who have participated in the apprenticeship program in the past and makes that list available to apprentices seeking an apprenticeship. All remaining averments of this Paragraph are denied.

17. Admitted in part; denied in part. It is admitted only that Defendant's employees continue to supervise the apprentices' progress through the training program. It is specifically denied that Defendant employs apprentices or the employees of Butcher Employers in any capacity. All remaining averments of this Paragraph are denied.

18. Admitted.

19. Admitted.

## ***Bauman's Placement at Jubilee Hilltop Ranch***

20.  Admitted, upon information and belief.

21.  Admitted.

22.  Denied. Defendant lacks knowledge, information or belief sufficient to respond to the factual averments relative to Plaintiff's interview with Jubilee and, thus, denies the same.

23.  Denied. Defendant lacks knowledge, information or belief sufficient to respond to the factual averments relative to Plaintiff's tour of Jubilee and, thus, denies the same.

24.  Admitted.

25.  Denied. Defendant lacks knowledge, information or belief sufficient to respond to the factual averments relative to Ryan Salyards' ("Salyards") advice and, thus, denies the same.

26.  Admitted in part; denied in part. It is admitted that Plaintiff was the Apprentice, PSU was the Program Sponsor and Jubilee was the Employer. The remaining averments set forth in this Paragraph constitute conclusions of law to which no response is required. To the extent a response is required, the averments are denied.

27.  Denied. The averments set forth in this Paragraph constitute conclusions of law to which no response is required. To the extent a response is

6

required, the averments are denied. Further, the code referenced in this Paragraph is a written document that speaks for itself and Defendant denies Plaintiff's characterization of the same. Any remaining averments of this Paragraph are also denied.

28. Admitted, upon information and belief.

### *Bauman Experienced Sexual Harassment at Jubilee*

29. Admitted in part; denied in part. It is admitted only, upon information and belief, that Jubilee employed an individual named Ronald Fine ("Fine"). Defendant lacks knowledge, information or belief sufficient to respond to the factual averments relative to Fine's supervisory duties at Jubilee and, thus, denies the same.

30. Denied. Defendant lacks knowledge, information or belief sufficient to respond to the factual averments relative to Fine's duties at Jubilee and, thus, denies the same.

31. Denied. Defendant lacks knowledge, information or belief sufficient to respond to the factual averments relative to Jubilee's supervisory structure and, thus, denies the same.

32. Denied. Defendant lacks knowledge, information or belief sufficient to respond to the factual averments relative to Fine's alleged behavior with respect to Plaintiff and, thus, denies the same.

33. Denied. Defendant lacks knowledge, information or belief sufficient to respond to the factual averments relative to Fine's alleged behavior with respect to Plaintiff and, thus, denies the same.

34. Denied. Defendant lacks knowledge, information or belief sufficient to respond to the factual averments relative to Plaintiff's alleged discussions with Jubilee's owner and, thus, denies the same.

35. Denied. Defendant lacks knowledge, information or belief sufficient to respond to the factual averments relative to Plaintiff's alleged emotions and, thus, denies the same.

36. Denied. Defendant lacks knowledge, information or belief sufficient to respond to the factual averments relative to Salyards' alleged statement(s) and, thus, denies the same.

37. Denied. Defendant lacks knowledge, information or belief sufficient to respond to the factual averments relative to Plaintiff's alleged thoughts and behavior and, thus, denies the same.

38. Denied. Defendant lacks knowledge, information or belief sufficient to respond to the factual averments relative to Plaintiff's alleged thoughts and conclusions and, thus, denies the same.

***Penn State's Failure to Investigate and Provide an Adequate Remedy***

39. Admitted in part; denied in part. It is admitted only that Plaintiff contacted Dana Ollendyke ("Ollendyke") after Plaintiff resigned from Jubilee. The remaining averments of this Paragraph relate to a written document that speaks for itself and Defendant denies Plaintiff's characterization of the same.

40. Admitted.

41. Admitted.

42. Admitted in part; denied in part. It is admitted only that PSU's Office of Equal Opportunity and Access ("OEOA") contacted Plaintiff on or about April 11, 2024. The remaining averments of this Paragraph relate to a written document that speaks for itself, and Defendant denies Plaintiff's characterization of the same.

43. Admitted.

44. Admitted in part; denied in part. It is admitted only that Defendant is not affiliated with Jubilee. All remaining averments of this Paragraph are denied.

45. Denied. It is specifically denied that Defendant failed to take any action to provide a safe environment or to place Plaintiff at another employer within a reasonable distance of Plaintiff's home. The remaining averments set forth in this Paragraph constitute conclusions of law to which no response is required. To the extent a response is required, the remaining averments are denied.

46. Admitted. By way of further answer, although Plaintiff did not return to employment with Jubilee, one other student continued her employment with Jubilee in her efforts to complete her job training requirements for the apprenticeship program.

47. Denied. The averments set forth in this Paragraph constitute conclusions of law to which no response is required. To the extent a response is required, the averments are denied.

48. Denied. The averments set forth in this Paragraph constitute conclusions of law to which no response is required. To the extent a response is required, the averments are denied.

### *The Pennsylvania Apprenticeship and Training Council's Investigation*

49. Denied as stated. It is admitted only that the Commonwealth of Pennsylvania, Department of Labor and Industry, Apprenticeship and Training Office ("ATO") conducted an investigation into a complaint it received from Plaintiff involving Plaintiff's allegations against Defendant and Jubilee. All remaining averments of this Paragraph are denied.

50. Denied. The averments of this Paragraph relate to a written document that speaks for itself and Defendant denies Plaintiff's characterization of the same.

51. Denied. The averments of this Paragraph relate to a written document that speaks for itself and Defendant denies Plaintiff's characterization of the same.

52. Denied. The averments of this Paragraph relate to a written document that speaks for itself and Defendant denies Plaintiff's characterization of the same.

53. Denied. The averments of this Paragraph relate to a written document that speaks for itself and Defendant denies Plaintiff's characterization of the same.

54. Denied. The averments of this Paragraph relate to a written document that speaks for itself and Defendant denies Plaintiff's characterization of the same.

55. Denied. The averments of this Paragraph relate to a written document that speaks for itself and Defendant denies Plaintiff's characterization of the same.

56. Denied. The averments set forth in this Paragraph constitute conclusions of law to which no response is required. To the extent a response is required, the averments are denied.

## COUNT I

### VIOLATION OF TITLE IX OF THE EDUCATION AMENDMENTS OF 1972
### 20 U.S.C. § 1681 et seq.

57. Defendant's responses to the foregoing Paragraphs 1 through 56 are incorporated as though set forth fully herein.

58. Denied. The averments set forth in this Paragraph constitute conclusions of law to which no response is required. To the extent a response is required, the averments are denied.

59. Admitted in part; denied in part. It is admitted only that Plaintiff reported alleged sexual harassment to Defendant after she resigned from employment with Jubilee. Whether or not Plaintiff experienced sexual harassment constitutes a conclusion of law to which no response is required. To the extent a response is required, the averments are denied.

60. Denied. The averments set forth in this Paragraph constitute conclusions of law to which no response is required. To the extent a response is required, the averments are denied.

61. Denied. The averments set forth in this Paragraph constitute conclusions of law to which no response is required. To the extent a response is required, the averments are denied.

62. Denied. The averments set forth in this Paragraph constitute conclusions of law to which no response is required. To the extent a response is required, the averments are denied.

WHEREFORE, Defendant hereby denies that Plaintiff is entitled to any relief and demands that a judgment be entered in Defendant's favor and against Plaintiff, and that costs, expenses and any other relief that the court deems to be proper be awarded in Defendant's favor and against Plaintiff.

## **AFFIRMATIVE DEFENSES**

### *FIRST AFFIRMATIVE DEFENSE*

Any and all claims filed by Plaintiff against Defendant are barred by applicable statutes of limitations.

### *SECOND AFFIRMATIVE DEFENSE*

Plaintiff fails to set forth any cause of action against Defendant upon which relief can be granted.

### *THIRD AFFIRMATIVE DEFENSE*

Plaintiff has failed to articulate a *prima facie* claim in support of the cause of action set forth or purported to be set forth in her Complaint and she will be unable to establish the necessary elements in support of each such cause of action at trial.

### *FOURTH AFFIRMATIVE DEFENSE*

Plaintiff's claims may be barred, in whole or in part, by any applicable statute of limitations.

### *FIFTH AFFIRMATIVE DEFENSE*

Plaintiff's claims may be barred in whole or in part by the doctrines of laches, fraud, waiver, estoppel and/or unclean hands.

### *SIXTH AFFIRMATIVE DEFENSE*

Any damages sustained by Plaintiff were due to her own acts or omission, not the acts or omissions of Defendant.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to mitigate her alleged damages.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff has failed to sufficiently allege that her claims arise under Title IX. Specifically, Plaintiff fails to allege that the alleged sexual harassment occurred as part of any PSU education program or activity. Additionally, Plaintiff has failed to allege that PSU had substantial control over the harasser or the context in which her alleged sexual harassment occurred.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims for discrimination pursuant to Title IX are barred because PSU exercised reasonable care to prevent and promptly correct any alleged discriminatory or harassing behavior, if any, and Plaintiff unreasonably failed to avail herself of any preventative or corrective opportunities provided by PSU or to otherwise avoid harm.

### TENTH AFFIRMATIVE DEFENSE

Defendant was not deliberately indifferent to the discrimination and/or harassment alleged by Plaintiff, if any, because once a PSU official with authority to address the discrimination and institute corrective measures on PSU's behalf had

actual knowledge of the alleged discrimination and/or harassment, Defendant responded with adequate corrective action.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff is not permitted by law to recover any damages which are not permissible or authorized under the statute(s) under which Plaintiff is asserting her claim(s).

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff has failed to allege facts sufficient to support a claim for compensatory, punitive, or other damages.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate her damages and/or fails to allege facts sufficient to support a claim for damages.

### FOURTEENTH AFFIRMATIVE DEFENSE

Defendant acted in compliance with the law at all times with respect to Plaintiff and upheld all statutory obligations imposed upon it, if any, with respect to Plaintiff.

### FIFTEENTH AFFIRMATIVE DEFENSE

Defendant maintains policies against discrimination, harassment, and/or retaliation, and a reasonable and available procedure for handling complaints thereof, which provide for prompt and effective responsive action. These policies

were clearly and adequately communicated to Plaintiff. Defendant has exercised reasonable care to prevent and correct promptly any unlawful discriminatory, harassing, and/or retaliatory behavior. To the extent Plaintiff failed to exercise reasonable care in avoiding the alleged harm under Defendant's anti-discrimination, anti-harassment, and anti-retaliation policies and procedures by utilizing or otherwise availing herself of these policies and procedures, her claims of alleged discrimination, harassment, and retaliation are barred.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Defendant are not actionable because, at all times material, the actions at issue were justified by legitimate, non-discriminatory, non-retaliatory, and reasonable business decisions.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Defendant acted in compliance with the law at all times with respect to Plaintiff and upheld all statutory obligations imposed upon it, if any, with respect to Plaintiff.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Defendant has not violated any of Plaintiff's rights or harmed or damaged her in any way and is not liable to Plaintiff for any reason in any amount.

## *NINETEENTH AFFIRMATIVE DEFENSE*

Defendant reserves the right to assert further affirmative defenses as they become evident through discovery investigation.

WHEREFORE, Defendant hereby demands that a judgment be entered in its favor and against Plaintiff, and that costs, expenses and any other relief that the court deems to be proper be awarded in its favor and against Plaintiff.

Respectfully submitted,

BUCHANAN INGERSOLL & ROONEY PC

By: *s/ Jill M. Lashay*
Jill M. Lashay, Esq. (PA ID # 79985)
Alyssa Stouder, Esq. (PA ID #324468)
409 North Second Street, Suite 500
Harrisburg, PA  17101
Telephone: (717) 237-4800
Fax: (717) 233-0852
Email: jill.lashay@bipc.com
Email: alyssa.stouder@bipc.com
*Attorneys for Defendant*

Date:  November 24, 2025

## CERTIFICATE OF SERVICE

I hereby certify that a true and complete copy of *Defendant's Answer with Affirmative Defenses to Plaintiff's Complaint* was transmitted to the Court electronically for filing and for electronic service upon Plaintiff this 24th day of November, 2025:

Andrew S. Abramson, Esq.
Abramson Employment Law, LLC
790 Penllyn Blue Bell Pike, Suite 205
Blue Bell, PA 19422
asa@aemploylaw.com
*Attorney for Plaintiff*

By: _s/Krista M. Kiger_
    Krista M. Kiger
    Practice Assistant